IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **STEVEN GRIFFIN** § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CIVIL ACTION NO. _____ | |
| § | Jury Demanded | |
| **HARRIS COUNTY JUVENILE** § | | |
| **PROBATION DEPARTMENT** § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

**NOW COMES** Steven Griffin, hereinafter called Plaintiff, complaining of and about Harris County Juvenile Probation Department, hereinafter called Defendant, and for cause of action shows unto the Court the following:

### A. Background

1. This is an action under the Family Medical Leave Act of 1993, 29 USC § 2615, which prohibits employers from taking materially adverse employment actions against employees for taking leave under the Family Medical Leave Act of 1993, hereinafter ("FMLA").

### B. Parties

2. Plaintiff, Steven Griffin, is an individual and a resident of the State of Texas. Mr. Griffin worked for Defendant as a Juvenile Supervision/Detention Officer.

3. Defendant, Harris County Juvenile Probation Department, an agency based in Texas, is organized under the laws of the State of Texas, and service of process on the Defendant may be effected pursuant to Federal Rules of Civil Procedure by serving Thomas Brooks, the

Executive Director of the Administrative Services Division of the Harris County Juvenile Probation Department, at 1200 Congress, Houston, Texas 77002.

### C.  Jurisdiction

4.	The court has federal question jurisdiction, 28 U.S.C. §1331, over Plaintiff's claims of retaliation, because these actions arise under federal law, via the Family Medical Leave Act of 1993, 29 USC § 2615.

### D. Jury Demand

5.	Plaintiff asserts his individual right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

### E.  Facts

6.	Plaintiff is a former employee of Defendant.

7.	Plaintiff began his employment with Defendant on or about March 5, 2007, as a Juvenile Supervision/Detention Officer.

8.	On or about May 8, 2012, Plaintiff was approved for intermittent leave under the FMLA for a serious condition he suffered, mainly gout in his foot.

9.	Defendant's attendance policy is to charge an employee "dock time" if the employee's absence is not due to sickness/illness, vacation, holiday or comp time.  Further, if an employee accumulates more than forty (40) hours of "dock time" within a year, the defendant's policy requires termination.

10.	Beginning in May of 2014, Defendant incorrectly classified Plaintiff's FMLA leave as "dock time".

11.     Specifically, on or about May 27, 2015, Plaintiff was reprimanded and suspended for failing to remain at the job site for a mandatory stayover even though his absence was covered by his FMLA leave.

12.     Then on or about October 12, 2014, Plaintiff was issued a written reprimand for taking FMLA leave even though his absence was governed by FMLA.

13.     Again, on or about December 14, 2014, Plaintiff began experiencing pain in his foot due to gout. He notified his supervisor and left early. The pain and swelling continued the next day and Plaintiff was absent from work on December 15, 2014. Plaintiff provided the requisite doctor's notification of illness on December 16, 2014. Despite his illness, Plaintiff was charged "dock time" for his absence on December 15, 2014.

14.     Further, Defendant misclassified Plaintiff's FMLA leave as "dock time", which inflated his cumulative "dock time" balance.

15.     Plaintiff made several efforts to reconcile his "dock time" and FMLA leave calculations with Defendant, to no avail.

16.     On or about February 19, 2015, Plaintiff was terminated for accumulating forty-six (46) hours of "dock time" even though his "dock time" included FMLA leave.

17.     Further, other probation officers exceeded the annual "dock time" limit, however such employees were not reprimanded or terminated.

18.     Plaintiff was unemployed for nearly 10 months, without health benefits, and has survived on his unemployment benefits.

### F.  Count 1 – Violation of FMLA: Interference

19. As illustrated in paragraphs 6-16, Defendant unlawfully interfered with the Plaintiff's protected rights under the FMLA by terminating his employment for exercising protected medical leave and by misclassifying Plaintiff's FMLA leave as "dock time".

### G. Count 2 – Violation of FMLA: Discrimination

20. As illustrated in paragraph 17, Defendant unlawfully discriminated against Plaintiff when Defendant failed to terminate other probation officers whose "dock time" exceeded the annual limit of forty (40) hours.

21. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities, and otherwise adversely affect his status as an employee, because of his engagement in a protected activity of taking leave according to his FMLA status.

22. Plaintiff would show that the retaliatory actions taken against him were motivated by Plaintiff making complaints about his FMLA calculations and being interrupted from benefiting from his FMLA status.

23. Plaintiff alleges that the retaliation was committed with malice or with reckless indifference to the state-protected rights of Plaintiff to make or file a charge of Defendant's unlawful conduct.

### H. Prayer

24. For the above reasons, Plaintiff seeks judgment against Defendant for the following:

   a. All back wages;

   b. All lost employee and medical benefits;

   c. All actual damages;

   d. All reasonable and necessary attorney's fees;

e. All reasonable and necessary costs incurred in pursuit of this suit;

f. All reasonable and necessary expert witness costs;

g. Any and all equitable relief the court may deem necessary and appropriate; and

h. Any and all other relief the court deems necessary and appropriate.

Respectfully submitted,

*THE DAVIS LAW FIRM*

By: /s/Shelly M. Davis-Smith
Shelly Davis-Smith
SBN: 2405487
Federal ID: 629020
3100 Richmond Ave., Ste. 480
Houston, TX 77098
(713) 349-9299 Phone
(713) 800-4974 Fax
Email: SMS@TheDavisLawFirm.com
Attorney for Plaintiff

5